*FRITZ RUDIN v. LOU FAUVER.

**Statements by Attorneys Relative to Matters in Court not Libelous.**
  Statements made in court by attorneys and others relative to
    matters in litigation therein are privileged and cannot be made
    the basis of an action for libel.
  [Proof of this decision was submitted to Judge Henry and cor-
  rected.—Ed.]

ERROR to common pleas court.

*Fritz Rudin,* for plaintiff in error.
*Stroup & Fauver,* for defendant in error.

**HENRY, J.**

This proceeding in error is brought to reverse a judgment
rendered by the court below upon sustaining a demurrer to
the petition in an action of libel, and the parties, therefore,
stand as they stood below. The alleged libel consists of allega-
tions of fraud and corruption on the part of the plaintiff in er-
ror contained in a petition filed by the defendants in error as
attorneys in a preceding case in the court of common pleas.
It is charged that these allegations were maliciously and gratui-
tously made, without any necessity arising in the nature of the
relief prayed for, to make the plaintiff in error a party or to
allege anything about him, and that the allegations in question
were wholly false.

It is unnecessary to go into the question of materiality of the
allegations, constituting the alleged libel, to the cause wherein
they were made, further than to say that they have no such ob-
vious irrelevancy or utter want of relation to the action as to
put them entirely out of the pale of privilege. The real ques-
tion that we have is whether all statements made by attorneys
and others in court, in relation to matters in litigation there-

*Affirmed, no op., Rudin v. Fauver, 83 O. S. 468.

in, are the subject of an absolute or only a qualified privilege. This question seems never to have been directly decided by the Supreme Court of Ohio. It was found unnecessary to decide it in the case of *Lanning* v. *Christy*, 30 Ohio St. 115 [27 Am. Rep. 431], and *Liles* v. *Gaster*, 42 Ohio St. 631. There is an *obiter dictum* in the case of the *Post Publishing Co.* v. *Maloney*, 50 Ohio St. 71, 84 [33 N. E. Rep. 921], that:

"In such cases the privilege constitutes an absolute bar to the action."

Assuming that such is the law in this state, the demurrer below was properly sustained. We are unable to say that this was error, and the judgment is therefore affirmed.

**Marvin** and **Winch, JJ.,** concur.